**In the Matter of the Application for the DISCIPLINE OF Norman PERL, an Attorney at Law of the State of Minnesota.**

No. CX-86-343.

Supreme Court of Minnesota.

Oct. 6, 1986.

Reconsideration Denied Nov. 6, 1986.

ORDER

Pursuant to the court's opinion of August 1, 1986, the parties have submitted affidavits setting out their respective positions on the amount of costs and expenses respondent should be required to reimburse the Director. Further, the Director has petitioned for a rehearing of the entire case on its merits, and the Lawyers Board of Professional Responsibility has independently moved for leave to file an amicus brief.

At the time this court considered respondent's motion for a 1-year suspension on a conditional admission, the court was under the impression that respondent's tendered disposition was considered to be not "wholly unreasonable," and that the parties were essentially in agreement on the amount of costs and expenses to be reimbursed. It now appears, however, from the submitted affidavits that the parties are more than $200,000 apart on the reimbursement item. Not only is the court not in a position to resolve this disparity, but the Director has filed further information, including a detailed procedural history, which leads us to believe we were not fully apprised of all the facts and circumstances at the time of our decision.

After a careful review, we conclude fairness and maintenance of the integrity of the judicial system require that we grant the Director's petition. Our opinion and order of August 1, 1986, is withdrawn and vacated. The Board's motion to appear as amicus being now moot, is denied.

IT IS, THEREFORE, NOW ORDERED that this matter is remanded to the referee, Judge Carroll Larson, for a hearing.

COYNE, J., took no part in the consideration or decision of this case.

SCOTT, Justice (dissenting).

I cannot agree that it is necessary to take the unprecedented action of withdrawing our opinion filed August 1, 1986. The respondent is now suspended by that decision. The text clearly states that he can be reinstated only if certain terms and conditions are met, among them that:

> Respondent shall pay a reasonable sum toward reimbursement of the Director's expenses, costs, and disbursements in this proceeding. Within 15 days from the date of this opinion, the parties shall submit to this court the sum agreed upon and the terms of payment. If they are unable to agree, within the same 15 days each party shall submit in affidavit form their position on this issue for the court's decision.

It was therefore contemplated that we might be called upon to set the amount. There seems no reason why we cannot take such action at this time.

The only other reason for withdrawing our opinion would be to impose a greater sanction. We stated in the opinion that:

> We are persuaded there will be no reoccurence of this misconduct by respondent. His otherwise good record over many years and his contriteness so vouch. Taking all these factors into consideration and having in mind respondent's age, together with the other conditions we here impose, we believe a 1-year suspension is appropriate.

As the opinion indicates, this matter has been thoroughly aired. We should not have second thoughts merely because we have the power to impose a greater sanction. We should only take a more severe stance if justice calls for it. The opinion properly evaluates the complicated procedure involved and arrives at a properly balanced conclusion. I would not withdraw it, and therefore dissent.