In the Matter of the Application for the DISCIPLINE OF Norman PERL, an Attorney at Law of the State of Minnesota.

No. CX–86–343.

Supreme Court of Minnesota.

Nov. 6, 1986.

## ORDER

Respondent has filed a motion for reconsideration and petition for rehearing, asking that this court's order of October 6, 1986, be vacated and that this court's opinion and order of August 1, 1986, be reinstated. Being fully advised in the premises,

IT IS ORDERED:

Respondent's motion for reconsideration and petition for rehearing are, in all respects, denied.

MEMORANDUM

On August 1, 1986, the court issued an opinion and order suspending respondent for 1 year commencing August 4, 1986, with reinstatement dependent on certain terms and conditions. Two justices dissented with their opinion to follow. On August 5, 1986, the Director filed, pursuant to Minn.R.Civ.App.P. 140, a petition for rehearing, to which respondent filed an answering brief. Both parties also submitted affidavits on the matter of costs and expenses to be reimbursed by respondent. On October 6, 1986, 394 N.W.2d 487, the court granted the petition for rehearing by vacating its suspension order, withdrawing its opinion of August 1, 1986, and remanding the matter to the referee for a hearing.

Respondent now asserts that the court was without power to vacate its suspension order; that grounds for granting a rehearing were, in any event, lacking; that respondent has been denied due process; and that "principles of *res judicata*, collateral estoppel and law of the case and mootness" prohibit vacation of the original suspension order and remand for a referee's hearing. These contentions are without merit.

■ This court has authority to reconsider its rulings in disciplinary matters, both under its inherent powers and under Minn. R.Civ.App.P. 140, and has had an established practice of doing so. *See, e.g., In re Tracy,* 197 Minn. 35, 267 N.W. 142 (1936); *In re McDonald,* 204 Minn. 61, 282 N.W. 677 (1938). In fact, respondent has himself twice petitioned for rehearings in these protracted proceedings. Both parties have had ample opportunity to brief the issues, plus oral argument was afforded on respondent's motion for consideration of his conditional admission. The requirements of due process have been more than adequately satisfied.

Respondent argues his "offer" to be suspended for 1 year was "accepted" by the court and, therefore, is a kind of contract or plea bargain, which is binding on this court. The analogy is completely misleading. This case came before the court on respondent's motion for proposed relief, re-

spondent apparently having been unable to reach an agreement with the Director. As explained in its October 6, 1986, order, the court was under the impression that, while the parties had not stipulated to a disposition of the case, the Director thought respondent's overall proposal was not wholly unreasonable, and that the parties had essentially agreed on the conditions for any suspension, including reimbursement expenses, a major item involving over a quarter of a million dollars. It became clear, however, on reconsideration, that such was not the case.

■ Although aware a petition for rehearing was pending, respondent neither asserted a right to a stay of suspension under Rule 140.03 nor applied for a stay. Instead, respondent chose to withdraw from the practice of law on the assumption the petition would be denied. Because respondent guessed wrong does not entitle him to claim estoppel, much less res judicata.

SCOTT, J., having dissented on the petition for rehearing of October 6, 1986, took no part in this order and memorandum.

COYNE, J., took no part in the consideration or decision of this case.